<span style="color:red">**Exhibit A**</span>

| | |
|---|---|
| DISTRICT COURT, SUMMIT COUNTY<br>STATE OF COLORADO<br>Summit County District Court<br>501 North Park Avenue<br>Breckenridge, CO 80424<br>(970) 453-2272 | DATE FILED<br>November 14, 2024 6:47 PM<br>FILING ID: DE98BC504C97C<br>CASE NUMBER: 2024CV30231 |
| MONICA JIMENEZ<br><br>Plaintiff;<br><br>v.<br><br>CORE-MARK MIDCONTINENT INC., a corporation; PERFORMANCE FOOD GROUP, INC., a corporation; PRESTON WELLS, an individual;<br><br>Defendants. | ▲ COURT USE ONLY ▲ |
| *Attorney for Plaintiff*<br>Jason Harmon (#58911)<br>Lowe Law Group, LLC<br>6028 S. Ridgeline Dr. #200<br>Ogden, Utah 84405<br>P (801) 917-8500<br>F (801) 917-8484<br>j.harmon@lowelawgroup.com | Case Number:<br><br><br>Division: |
| **COMPLAINT AND JURY DEMAND** ||

COMES NOW Plaintiff Monica Jimenez, by and through her counsel, and states as her Complaint against the Defendants the following:

1. Plaintiff Monica Jimenez ("Plaintiff") is, and at all relevant times was, a citizen of Colombia.

2. Upon information and belief, Defendant Core-Mark Midcontinent, Inc. ("Defendant Core-Mark") is a corporation headquartered in Texas.

3. Upon information and belief, Defendant Performance Food Group ("Defendant PFG") is a corporation headquartered in Virginia.

4. Upon information and belief, Defendant Preston Wells, ("Defendant Wells") is domiciled in Delta County, Colorado.

5. A substantial portion of the events giving rise to this cause of action occurred in Summit County, Colorado.

**GENERAL ALLEGATIONS**

6. On or about December 5, 2021, Plaintiff was a passenger in a vehicle traveling on Interstate 70 in Summit County, Colorado.

7. At the same time, Defendant was operating a commercial semi-truck also travelling on Interstate 70 in Summit County, Colorado.

8. While operating his truck, Defendant Wells attempted to use his stereo and subsequently lost control of his truck.

9. As a result of Defendant Wells's actions, the semi-truck rolled over and blocked all lanes of westbound travel.

10. The driver of the vehicle Plaintiff was travelling in was unable to stop in time and collided with Defendant Wells's overturned semi-truck.

11. As a result of the collision, Plaintiff suffered physical injury to the majority of her body including, but not limited to, her head, neck, spine, knees, and hips.

12. As a further result of the collision, Plaintiff suffered pain, mental distress, lost wages, and incurred imaging, hospital, physician and physical therapy expenses.

13. As a further result of the collision, Plaintiff suffered and will suffer pain, mental distress, emotional damage, and other compensable injury.

14. As a further result of the collision, Plaintiff will require future medical treatment, including but not limited to therapy, imaging, surgery, consultations, and other related treatment.

15. At all relevant times the truck operated by Defendant Wells was owned and maintained by Defendant Core-Mark and/or Defendant PFG.

16. At all relevant times Defendant Wells was acting within the course and scope of his employment or agency with Defendant Core-Mark and/or Defendant PFG.

17. At all relevant times, Defendant Core-Mark was acting as the agent of, and within the course and scope of their agency relationship with, Defendant PFG.

## FIRST CLAIM FOR RELIEF
(Negligence – Defendant Wells)

18. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

19. Defendant Wells owed Plaintiff a duty to use reasonable care in the operation of his vehicle.

20. Defendant breached this duty by, among other things, failing to maintain a proper lookout, driving distracted, driving at an unreasonable speed, and failing to control the vehicle he was driving so as to prevent it from overturning on Interstate 70.

21. As a result of Defendant Wells's negligence, Plaintiff has incurred past economic expenses, losses, and damages, including but not limited to medical expenses, loss of earnings, loss of earning capacity, loss of time, and other economic damages.

22. As a result of Defendant's negligence, Plaintiff will yet incur future economic damages, including future medical expenses, future medical treatment, future loss of earnings, and other future economic damages.

23. As a result of Defendant's negligence, Plaintiff suffered and will continue to suffer non-economic damages including pain, suffering, mental distress, inconvenience, loss of enjoyment of life, and loss of quality of life.

## SECOND CLAIM FOR RELIEF
(Negligence Per Se – Defendant Wells)

24. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

25. Defendant operated his vehicle in a careless and imprudent manner without due regard for traffic or the safety of others and in violation of C.R.S. § 42-4-1402.

26. Plaintiff is a member of the class of persons whose protection the aforementioned statute was enacted.

27. The incident herein described and the injuries and/or damages that Plaintiff suffered as a result of that incident are the kind of injuries and/or damages sought to be prevented by the passage of the above-mentioned statute.

28. The above-mentioned violation was the direct and proximate cause of the Plaintiff's injuries and damages as previously described.

29. As a result of Defendant's negligence, Plaintiff has incurred past economic expenses, losses, and damages, including but not limited to medical expenses, loss of earnings, loss of earning capacity, loss of time, and other economic damages.

30. As a result of Defendant's negligence, Plaintiff will yet incur future economic damages, including future medical expenses, future medical treatment, future loss of earnings, and other future economic damages.

31. As a result of Defendant's negligence, Plaintiff suffered and will continue to suffer non-economic damages including pain, suffering, mental distress, inconvenience, loss of enjoyment of life, and loss of quality of life.

## THIRD CLAIM FOR RELIEF
(Vicarious Liability – Defendant Core-Mark Midcontinent Inc.)

32. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

33. Defendant Wells was an employee and/or agent of Defendant Core-Mark, and acting within the course and scope of his employment or agency when the collision occurred.

34. Defendant Wells committed tortious conduct that injured the Plaintiff while acting within the course and scope of his employment or agency with Defendant Core-Mark.

35. Defendant Core-Mark is therefore vicariously liable for any and all injuries sustained by Plaintiff as a result of its employee's tortious conduct as outlined above.

## FOURTH CLAIM FOR RELIEF
(Negligence – Defendant Core-Mark Midcontinent Inc.)

36. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

37. Defendant Core-Mark's actions constituted a breach of multiple duties of care including, but not limited to, its duty to exercise reasonable care in hiring and/or retaining Defendant Wells, its duty to adequately train Defendant Wells, and its duty to adequately supervise and/or discipline Defendant Wells.

38. Defendant is liable for these acts of negligence and for such other acts of negligence as may become apparent during the course of discovery in this case.

39. As a result of Defendant's negligence, Plaintiff has incurred past economic expenses, losses, and damages, including but not limited to medical expenses, loss of earnings, loss of earning capacity, loss of time, and other economic damages.

40. As a result of Defendant's negligence, Plaintiff will yet incur future economic damages, including future medical expenses, future medical treatment, future loss of earnings, and other future economic damages.

41. As a result of Defendant's negligence, Plaintiff suffered and will continue to suffer non-economic damages including pain, suffering, mental distress, inconvenience, loss of enjoyment of life, and loss of quality of life.

**FIFTH CLAIM FOR RELIEF**
(Vicarious Liability – Defendant PFG)

42. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

43. Defendant Wells was an employee and/or agent of Defendant PFG, and acting within the course and scope of his employment or agency when the collision occurred.

44. Defendant Wells committed tortious conduct that injured the Plaintiff while acting within the course and scope of his employment or agency with Defendant PFG.

45. Defendant Core-Mark was also acting as the agent of Defendant PFG in the training, hiring, and supervision of Defendant Wells.

46. Defendant Core-Mark committed tortious conduct that injured the Plaintiff while within the course and scope of its agency with Defendant PFG

47. Defendant PFG is therefore vicariously liable for any and all injuries sustained by Plaintiff as a result of Defendant Wells tortious conduct as outlined above.

48. Defendant PFG is also vicariously liable for any and all injuries sustained by Plaintiff as a result of Defendant Core-Mark's tortious conduct as outlined above.

**SIXTH CLAIM FOR RELIEF**
(Negligence – Defendant PFG.)

49. Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

50. Defendant PFG's actions constituted a breach of multiple duties of care including, but not limited to, its duty to exercise reasonable care in hiring and/or retaining Defendant Wells, its duty to adequately train Defendant Wells, its duty to adequately supervise and/or discipline Defendant Wells, its duty to supervise Defendant Core-Mark, its duty to ensure Defendant Core-Mark was meeting appropriate safety, training, and hiring standards, and its duty to use reasonable care in the selection of its agents.

51. Defendant PFG is liable for these acts of negligence and for such other acts of negligence as may become apparent during the course of discovery in this case.

52. As a result of Defendant PFG's negligence, Plaintiff has incurred past economic expenses, losses, and damages, including but not limited to medical expenses, loss of earnings, loss of earning capacity, loss of time, and other economic damages.

53. As a result of Defendant PFG's negligence, Plaintiff will yet incur future economic damages, including future medical expenses, future medical treatment, future loss of earnings, and other future economic damages.

54. As a result of Defendant PFG's negligence, Plaintiff suffered and will continue to suffer non-economic damages including pain, suffering, mental distress, inconvenience, loss of enjoyment of life, and loss of quality of life.

WHEREFORE, Plaintiff requests judgment against Defendants for: compensatory damages including damages for past and future economic loss, for past and future non-economic loss; punitive damages, as allowed by law, interest as prescribed by law; costs; and such other and further relief as the Court deems just. Pursuant to CO Code § 13-21-102 Plaintiff reserves the right to amend to claim exemplary damages.

PLAINTIFF REQUESTS ALL ISSUES HEREIN BE TRIED TO A JURY OF SIX PERSONS

Respectfully submitted this 14th day of November 2024.

*/s/Jason Harmon*
Jason Harmon #58911
LOWE LAW GROUP, LLC
6028 S, Ridgeline Dr. Suite 200
Ogden, Utah 84405
P: (801) 917-8500
j.harmon@lowelawgroup.com
*Attorney for Plaintiff*