IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-03513-PAB-NRN

MONICA JIMENEZ,

    Plaintiff,

v.

CORE-MARK MIDCONTINENT, INC.,
PERFORMANCE FOOD GROUP, INC., and
PRESTON WELLS,

    Defendants.

---

# ORDER

---

The matter before the Court is plaintiff Monica Jimenez's Objection and Motion to Remand [Docket No. 10]. Defendants Core-Mark Midcontinent, Inc. ("Core-Mark") and Performance Food Group, Inc. ("Performance Food") filed a response. Docket No. 13.

### I.    BACKGROUND

On November 14, 2024, Ms. Jimenez filed suit against Core-Mark, Performance Food, and Preston Wells in the District Court for Summit County, Colorado for injuries she sustained as part of a traffic accident involving a commercial truck. Docket No. 4 at 2, ¶¶ 6–13.

On December 19, 2024, Core-Mark and Performance Food removed this case. Docket No. 1. The notice of removal explains that Core-Mark is a "corporation with its principal place of business in Texas" and Performance Food is "a corporation with its

principal place of business in Virginia."[1]  *Id.* at 4-5, ¶¶ 16, 17.  The notice of removal states that Mr. Wells is a citizen of Colorado.  *Id.* at 5, ¶ 18.  Ms. Jimenez is a citizen of the country of Colombia.  *Id*. at 4, ¶ 15.  At the time that Core-Mark and Performance Food removed this case, Mr. Wells had not been served with process.  On January 8, 2025, Ms. Jimenez effected service of process on Mr. Wells.  Docket No. 11.

## II.     LEGAL STANDARD

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  There are two basic statutory grounds for original jurisdiction in federal district courts: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332.  *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003).  Pursuant to § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "Federal district courts must strictly construe their removal jurisdiction."  *Env't. Remediation Holding Corp. v. Talisman Cap. Opportunity Fund, L.P.*, 106 F. Supp. 2d 1088, 1092 (D. Colo. 2000).  The so-called forum defendant rule, 28 U.S.C. § 1441(b)(2), prevents removal when one of the defendants is a citizen of the forum state.  *See Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) (unpublished)

---

[1] On April 22, 2025, Core-Mark and Performance Food filed corporate disclosure statements pursuant to Fed. Rule of Civ. P. 7.1.  Docket Nos. 21, 22.  Core-Mark states that it is an "Arkansas corporation, with its headquarters and principal place of business located in Roanoke, Texas" and is therefore a citizen of both Arkansas and Texas.  Docket No. 21 at 1.  Performance Food states that it is a "Virginia corporation with its headquarters and principal place of business in Richmond, Virginia" and is therefore a citizen of Virginia.  Docket No. 22 at 1.

(citing *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006)). "Snap removal is the hasty removal by a non-forum defendant before the plaintiff has the opportunity to serve the forum defendant." *Grein v. Behunin*, No. 24-cv-01911-CNS-KAS, 2024 WL 5378133, at *2 (D. Colo. Dec. 19, 2024) (internal quotations and citation omitted).

### III. ANALYSIS

Ms. Jimenez argues that "snap removal" is not permitted. Docket No. 10 at 2. She asserts that § 1441(b)(2) prevents this action from being removed because Mr. Wells is a citizen of Colorado. *Id*. She cites to *Woods v. Ross Dress for Less, Inc.*, 833 Fed. App'x 754 (10th Cir. 2021) (unpublished), for the proposition that, although she had not served Mr. Wells at the time that Core-Mark and Performance Food filed the notice of removal, the forum defendant rule nonetheless prevents removal. *Id*. at 3-4.

Core-Mark and Performance Food respond that Mr. Wells had not been "joined and served" as a defendant at the time that this action was removed, such that removal is not barred by § 1441(b)(2). Docket No. 13 at 3. They argue that the forum defendant rule should not bar removal because had Core-Mark and Performance Food waited until Mr. Wells was served, their deadline for removal under § 1446(b)(1) would have passed. *Id*. Core-Mark and Performance Food contend that *Woods* is distinguishable from the instant case. *Id.* at 4.

Core-Mark and Performance Food argue that "*Woods* is not indicative that the 10th Circuit has adopted a different interpretation of the forum defendant rule, nor the plain language of § 1441(b)(2)." *Id.* In *Woods*, the plaintiff was an Oklahoma citizen who filed suit against a California corporation and another Oklahoma citizen. *Woods*,

3

833 F. App'x at 756.  The California corporation removed the action to the United States District Court for the Northern District of Oklahoma, before the plaintiff served the Oklahoma defendant.  *Id.*  The plaintiff moved to remand, arguing that "removal was improper under §§ 1441(a) and 1332(a)(1) because she and [defendant] were both citizens of Oklahoma" and that the Oklahoma defendant's "citizenship must be considered even though she had not been served."  *Id.*  Relying on § 1441(b)(2), the district court in *Woods* found that "removal was appropriate because no 'properly joined and served' defendant was an Oklahoma citizen at the time of removal" and denied the plaintiff's motion to remand.  *Id.*  The Tenth Circuit in *Woods* reversed the district court's denial of the plaintiff's motion to remand.  *Id.* at 763.  The Tenth Circuit held that the district court "erred because [defendant] needed to show federal diversity jurisdiction under § 1441(a) before § 1441(b)(2)'s limitation on diversity-based removal could even come into play.  Because there was not complete diversity between all named plaintiffs and all named defendants, and no other basis for federal jurisdiction existed, the court lacked removal jurisdiction under § 1441(a)."  *Id*. at 759 (internal quotation and citation omitted).  Therefore, because the district court did not have jurisdiction as required by § 1441(a), *Woods* did not reach the issue as to whether § 1441(b)(2) would bar removal.

By contrast, here, diversity jurisdiction exists pursuant to § 1332(a), giving the Court original jurisdiction under § 1441(a).  Ms. Jimenez is a citizen of Colombia.  Docket No. 4 at 1, ¶ 1.  Core-Mark is a citizen of Arkansas and Texas, Docket No. 21 at 1, Performance Food is a citizen of Virginia, Docket No. 22 at 1, and Mr. Wells is a citizen of Colorado.  Docket No. 4 at 2, ¶ 4; Docket No. 1 at 5, ¶ 18.  The amount-in-

4

controversy exceeds $75,000. Docket No. 1 at 6, ¶ 24. Accordingly, *Woods*, even if it were published authority, is not controlling in this case.

"The Tenth Circuit has not addressed whether snap removal is permitted." *Grein*, 2024 WL 5378133, at *3. Furthermore, district courts in the Tenth Circuit diverge on whether snap removal by a non-forum defendant before its forum co-defendant is served is permissible. *Compare id*. (granting plaintiff's motion to remand where the non-forum defendant removed the case before the forum co-defendant was served and there was "no evidence of Plaintiff's insincerity in naming the two forum defendants"), *and Aghamalian v. Ourpet's Co.*, No. 19-cv-01011-RBJ, 2019 WL 13444177, at *6 (D. Colo. Sept. 12, 2019) ("I interpret § 1441(b)(2) to prevent removal in cases where the forum defendant has been named but not yet properly joined and served before defendant's snap removal."), *with Smith v. Christmas,* 2024 WL 4252961, at *2 (D.N.M. Sept. 20, 2024) ("The Court must decide whether 28 U.S.C. § 1441 permits a diverse, non-forum defendant to remove a civil case before service is effectuated upon its forum co-defendants. The Court concludes that it does.").

*Grein* agreed with other courts in the Tenth Circuit that "choose to give effect to the purpose of the forum defendant rule and to allow remand where removal happened before service on the forum defendants and the plaintiff legitimately intends to pursue claims against the forum defendants." *Grein,* 2024 WL 5378133, at *3. The "rationale of this rule is to prevent gamesmanship on both sides." *Id.* Plaintiffs should not be able to avoid removal "by naming a forum defendant without any genuine intention to proceed against that defendant," *id*. (citation omitted), and defendants "should not be

5

able to 'circumvent the forum defendant bar by acting quickly.'" *Id.* (quoting *Aghamalian*, 2019 WL 13444177, at *5).

The Court agrees with *Grein* that snap removal is not permitted where there is no evidence that the plaintiff named the forum defendant to avoid removal. *See Osburn v. Ardmore Suzuki, Inc.,* 2023 WL 1927991, at *4 (E.D. Okla. Feb. 10, 2023) ("a review of district court cases in the Tenth Circuit reveals that courts have generally concluded that snap removal is not permitted if the forum defendant is not a sham party, and where a defendant removes before the plaintiff has had a reasonable opportunity to serve the forum defendant"); *Flandro v. Chevron Pipe Line Co.*, 2019 WL 1574811, at *6 (D. Utah Apr. 11, 2019) ("But where the facts show that the forum defendant is not a sham party, and that the removing defendant is attempting snap removal before the plaintiff has a reasonable opportunity to serve the forum defendant, courts do not countenance the absurd results flowing therefrom"); *Aghamalian,* 2019 WL 13444177, at *7 ("I have interpreted § 1441(b)(2) to prohibit snap removal in cases where the plaintiff has not had an opportunity to effectuate service on the forum defendant, individual defendants' removal was improper. It was additionally improper because the forum defendant is not a nominal defendant but was joined with sincerity.").

The Court finds that Ms. Jimenez intends to proceed with this case against the forum defendant, Mr. Wells. Mr. Wells was the driver of the truck that allegedly caused the underlying accident, and therefore he did not have a nominal role. Docket No. 4 at 2, ¶¶ 8-9; *see Grein,* 2024 WL 5378133, at *3 (finding "no evidence of Plaintiff's insincerity in naming the two forum defendants" where "plaintiff named two forum Defendants, both of whom were involved in the underlying accident and are not

6

nominal"); *Woods v. Dr. Pepper Snapple Grp., Inc.*, 2020 WL 917284, at *5 (W.D. Okla. Feb. 26, 2020) (finding that the forum defendant was a "properly joined defendant" where the defendant was "the alleged driver of the tractor-trailer involved in the accident").

Moreover, Ms. Jimenez has since served Mr. Wells. Docket No. 11. Mr. Wells was served on January 8, 2025, which is 20 days after the date of removal. *See* Docket Nos. 1, 11. Therefore, Ms. Jimenez timely served Mr. Wells in accordance with Fed. R. Civ. Proc. 4(m), which provides that Ms. Jimenez had 90 days from the date of removal to serve Mr. Wells.[2] Fed. R. Civ. Proc. 4(m); *see Savard v. JP Morgan Chase Bank, N.A.*, No. 09-cv-2108-WDM-MJW, 2010 WL 2802543, at *4 (D. Colo. July 14, 2010) ("When the case was removed to this court . . . , it came under the Federal Rules of Civil Procedure," and "[i]n removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court."); *Longacre v. Wash. State Patrol*, 2018 WL 5962894, at *3 (W.D. Wash. Nov. 14, 2018 ("If a defendant has not been served at the time the case is removed, the Federal Rule applies"). Further, Ms. Jiminez was diligent in attempting to serve Mr. Wells. She first attempted service on December 3, 2024, 19 days after she filed suit in state court,

---

[2] Even if Colorado state procedural law applied after removal, Ms. Jimenez's service on Mr. Wells was timely. Rule 4(m) of the Colorado Rules of Civil Procedure provides that a defendant must be served within 63 days after the complaint is filed. Colo. R. Civ. Proc. 4(m). Ms. Jimenez filed her state court complaint on November 14, 2024, *see* Docket No. 1, and served Mr. Wells on January 8, 2025, a duration of 55 days. *See Grein,* 2024 WL 5378133, at *3 (applying Rule 4(m) for purposes of deciding plaintiff's motion to remand and finding that "Plaintiff clearly intends to proceed against the two forum Defendants and timely effected service on them" where plaintiff served the defendants 50 days after filing her suit in state court).

7

and was informed that Mr. Wells had moved. Docket No. 10-2 at 1. She attempted service on Mr. Wells at a different address on December 9, 2024, but was informed that Mr. Wells had moved from that address as well.[3] *Id*. at 2.

Accordingly, the Court finds that § 1441(b)(2) bars removal of this case and will grant Ms. Jimenez's motion to remand.

## IV. CONCLUSION

It is therefore,

**ORDERED** that plaintiff Monica Jimenez's Objection and Motion to Remand [Docket No. 10] is **GRANTED**. It is further

**ORDERED** that this case is **REMANDED** to the District Court for Summit County, Colorado, where it was originally filed as Case No. 2024CV30231. It is further

**ORDERED** that this case is closed.

DATED May 6, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[3] The second address where Ms. Jimenez attempted to serve Mr. Wells, 677 1800 Rd., Delta, Colorado, and where she was informed by a resident that Mr. Wells had moved, was the same address where Ms. Jimenez was ultimately able to effect service of process on Mr. Wells by serving Mr. Wells's co-occupant. Docket No. 11 at 1.

8